COMMONWEALTH OF MASSACHUSETTS
SUPREME JUDICIAL COURT

SUFFOLK, ss.                                                          NO. SJC-12769


KEVIN RICHARDSON, II

v.

THE UPS STORE, Inc., et al


**<u>INTERIM ORDER</u>**

On June 24, 2019, a judge of the United States District Court for the District of

Massachusetts certified the following question to this court:

> "Does Massachusetts General Laws Chapter 262, §§ 41 or 43 proscribe fees in excess of
> $1.25 for notarization of a document where the notarial act at issue is unrelated to the
> protest of a bill of exchange, order, draft or check for non-acceptance or non-payment, or
> of a promissory note for non-payment?"

The case was argued before this court on April 9, 2020.

Traditionally, "[w]e confine our analysis to the certified question," and decline to address

arguments on other issues or claims.  <u>Silva</u> v. <u>Rent-A-Center, Inc.</u>, 454 Mass. 667, 669 n.3

(2009), and cases cited.  However, before we do so here, we request clarification of the question

presented, as explained below.

In briefing and oral argument before this court, the plaintiff argued that by its plain

language the term "noting" in § 41 means all notarial acts;  the defendant, on the other hand,

argued that "noting" referred to a narrow subset of notarial acts common at the time the statute

was enacted.  In addition to his plain language argument, the plaintiff argued that, even assuming

"noting" initially had a particularized meaning when § 41 was passed in the 1800's, Executive

Order No. 455, issued by Governor Romney on May 4, 2004, adopted by reference the $1.25 fee

cap in § 41 as the cap for all notarial acts.[1]   In January 2017, the Legislature effectively codified Executive Order No. 455 by enacting G. L. c. 222, §§ 16 and 19, which largely mirror the language of the order.[2]

Thus, we request the following clarification:  does the District Court wish us to consider the plaintiff's second argument, which would require us to determine what, if any, impact the executive order (and subsequent legislation)[3] has on the question of whether  §§ 41 or 43 proscribe fees in excess of $1.25 for notarization of a document?

After receiving the District Court's response, we will determine whether any supplemental briefing from the parties is necessary in this court.  In the meantime, any questions or concerns by the parties regarding this Interim Order shall be directed to the United States

---

[1] Section 6 (a) of the Executive Order No. 455 provided in relevant part:  "A notary public shall not perform a notarial act if . . . the notary public will receive as a direct result of the notarial act any commission, fee . . . cash, property, or other consideration exceeding in value the fees set forth in section 41 of chapter 262 of the General Laws."  Section 7 of the order further provided:  "A notary shall perform any notarial act described in this executive order for any person requesting such an act who tenders the fee set forth in section 41 of chapter 262 of the General Laws [subject to certain exceptions not relevant here]."  The order indicated that it applied to a variety of notarial acts (e.g., acknowledgments, oaths and affirmations, jurats, signature witnessings, copy certifications, etc.), including the types of acts and services rendered in this case.  The order also provided, in § 1.3, that "Nothing in this Executive Order supercedes the provisions of any . . . Massachusetts General Law."

[2] Section 16 (a) (vi), provides: "A notary public shall not perform a notarial act if . . . the notary public will receive as a direct result of the notarial act any commission, fee, . . . cash, property or other consideration exceeding the maximum fees set forth in section 41 of chapter 262."  Section 19, provides: "A notary public shall perform a notarial act for any person requesting such act who tenders the fee provided for in section 41 of chapter 262 or any other general or special law or executive order [subject to certain exceptions not relevant here]."

[3] We note that based on the record before us the notarial acts that form the basis for the underlying complaint all took place between approximately October, 2014 and February, 2016, prior to the enactment of G. L. c. 222, §§ 16 and 19.

District Court for the District of Massachusetts, for the judge to take into account in responding to our request for clarification.

The Clerk of this court is directed to transmit a copy of this order to the Clerk of the United States District Court for the District of Massachusetts, and a copy to each party.


BY THE COURT,

Francis V. Kenneally
Clerk


Entered:  May 14, 2020