UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEVIN RICHARDSON II, and All Others Similarly Situated, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 18-cv-12338-ADB |
| THE UPS STORE, INC. and J&V LOGISTICS LLC, | * * * | |
| Defendants. | * * | |

**MEMORANDUM AND ORDER
ON REQUEST FOR CLARIFICATION**

BURROUGHS, D.J.

Plaintiff Kevin Richardson II ("Richardson") brings this putative class action lawsuit

against The UPS Store, Inc. ("UPS Store") and J&V Logistics LLC ("J&V") (collectively,

"Defendants") to recover for notarization charges that he claims violated a Massachusetts

statutory maximum of $1.25 per notarization.  The Court previously certified a question to the

Massachusetts Supreme Judicial Court ("SJC") to determine whether Massachusetts General

Laws Chapter 262, §§ 41 or 43 ("Chapter 262 § 41" and "Chapter 262 § 43," respectively)

proscribed fees in excess of $1.25 for all notarizations, as Richardson argues, or whether the fee

cap was specific to certain notarial acts.  [ECF No. 46].  After receiving a request for

clarification from the SJC, [ECF No. 49], the Court amends the certified question.

I.      BACKGROUND

Richardson originally filed this suit in the Superior Court of Essex County ("Superior

Court"), claiming that on at least eight occasions between 2012 and 2016 he or his wife paid up

to $10.00 for individual notarizations at the Beverly, Massachusetts UPS Store, in excess of the

$1.25 notarization fee cap allegedly codified in Chapter 262 §§ 41 or 43.  [ECF No. 1-3 at 10].

The Defendants moved to dismiss the case and argued that Chapter 262 § 41's fee cap applied

only to specific notarial services that are mentioned in that section.  [ECF No. 1-3 at 27].  The

Superior Court disagreed with the Defendants and found that the section's cap "potentially

limit[ed] notary public fees for *all* notary services performed in Massachusetts."  [ECF No. 10-2

at 12 (emphasis in original)].

After Richardson served Defendants with a motion for class certification, [ECF No. 1-2

at 2], the Defendants removed the case to federal court, [ECF No. 1].  The Defendants then filed

a motion to certify the question of the correct interpretation of Chapter 262 § 41 to the SJC.

[ECF Nos. 35, 39].  On June 24, 2019, the Court certified the following question to the SJC:

> Does Massachusetts General Laws Chapter 262, §§ 41 or 43 proscribe fees in
> excess of $1.25 for notarization of a document where the notarial act at issue is
> unrelated to the protest of a bill of exchange, order, draft or check for non-
> acceptance or non-payment, or of a promissory note for non-payment?

[ECF No. 46 at 8].

The issue was argued before the SJC on April 9, 2020.  [ECF No. 49 at 1].  In addition to

the plain meaning argument concerning the meaning of "noting," the merits of which the Court

has already briefly considered, [ECF No. 46 at 3 n.2], Richardson argued before the SJC that

"even assuming 'noting' initially had a particularized meaning when § 41 was passed in the

1800's, Executive Order No. 455, issued by Governor Romney on May 4, 2004," which was

essentially codified in Massachusetts General Laws Chapter 222, §§ 16 and 19, adopted the

$1.25 fee cap by reference.  [ECF No. 49 at 1–2].

Thereafter, on May 14, 2020, the SJC requested clarification as to whether this Court

wanted the SJC "to consider the plaintiff's second argument, which would require [the SJC] to

determine what, if any, impact the executive order (and subsequent legislation) has on the

question of whether §§ 41 or 43 proscribe fees in excess of $1.25 for notarization of a

document . . . ." [Id. at 2].

 Upon receipt of this inquiry from the SJC, this Court allowed the parties to file

memoranda regarding their views on whether the certified question should be amended to

address the issue.  [ECF No. 50].

## II. DISCUSSION

 In response to this Court's inquiry, Richardson asked that the certified question be

amended to allow the SJC to consider the related question of what effect the executive order and

Chapter 222, §§ 16 and 19 have on the question of whether Chapter 262 §§ 41 or 43 proscribe

notarization fees in excess of $1.25.  [ECF No. 52 at 2].  The Defendants, in their submission,

indicated that they do not oppose the certified question being amended to include the issue.

[ECF No. 51 at 1].  After having reviewed the issue and taking into account the views of the

parties and the argument made to the SJC, the Court agrees that the question should be amended

to allow the SJC to consider the issue comprehensively, that is to determine whether the fees at

issue were in excess of the alleged statutory maximum, either under the plain meaning of the

statute or under the meaning as amended through subsequent regulations and legislation.

## III. CERTIFICATION TO SUPREME JUDICIAL COURT

 Accordingly, the Court provides the following clarification regarding the question

certified to the Massachusetts Supreme Judicial Court:

> Does Massachusetts General Laws Chapter 262, §§ 41 or 43 proscribe fees in
> excess of $1.25 for notarization of a document where the notarial act at issue is
> unrelated to the protest of a bill of exchange, order, draft or check for non-
> acceptance or non-payment, or of a promissory note for non-payment and what, if
> any, impact do Executive Order Nos. 455 (03-13) and 455 (04-04) and the
> codification of Executive Order No. 455 (04-04) as Massachusetts General Laws
> Chapter 222 in 2016 have on the question of whether Massachusetts General Laws
> Chapter 262, §§ 41 or 43 proscribe such fees?

The clerk is directed to forward this order to the SJC under the seal of this Court and to provide any portion of the record that the SJC may require, including portions of the record filed under seal.

**SO ORDERED.**

May 28, 2020                                    /s/ Allison D. Burroughs
                                               ALLISON D. BURROUGHS
                                               U.S. DISTRICT JUDGE